## Louisville & Interurban Railroad Company v. Kerr.

(Decided November 9, 1926.)

### Appeal from Jefferson Circuit Court (Common Pleas, First Division).

1.  Carriers—Instruction Relative to Excessive Speed Held Properly Refused Defendant Street Railroad in Passenger's Collision Damage Suit; Speed Not Being Involved.—Instruction in passenger's action for damages arising out of collision between street car and truck, relative to excessive speed, held properly refused: excessive speed of street car not bing proximate cause of accident and not having been relied on for recovery.
2.  Carriers.—Motorman has no right to presume that, by sounding warning at street intersection, vehicles having right of way will yield it.
3.  Carriers—Instruction Fixing Right of Way Distance in Passenger's Collision Injury Case Held Not Prejudicial to Street Car Company.—Instruction, in passenger's personal injury action arising out of collision between truck and street car, fixing distance from street intersection in which truck would have right of way, held not prejudicial to street car company; being based on its own testimony.
4.  Damages.—$1,302.50, part of which was paid by codefendant, held warranted by evidence of injury to street car passenger, bruising her arm and back, and breaking her coccyx, necessitating its removal.

PETER, LEE, TABB & KRIEGER and ALFRED SELLIGMAN for appellant.

HUBBARD & HUBBARD for appellee.

Opinion of the Court by Judge Sampson—Affirming.

Appellee, Mrs. Kerr, recovered a judgment against appellant company in the sum of $631.25, for personal injury alleged to have occurred to her on the 22nd day of February, 1924, when the loaded truck owned by one Herbert, struck, broadsided, the interurban car of appellant company on which appellee was riding as a passenger at the intersection of First street and the appellant's line in Louisville. On this appeal the interurban company asserts, first, that the accident was wholly the fault of the driver of the truck which collided with the street car; that the accident did not happen at an intersection within the' meaning of that word as applied to streets. Second, the court should have instructed the jury that excessive speed would not make the defendant liable unless such speed, if any, was the proximate cause of the accident. Third, that the court erred in failing to instruct the jury that if the motorman sounded a proper warning he had the right to presume that the truck, if at a reasonable distance from the track, would be stopped, as the motorman was not required to check the car until he saw the truck driver would not heed the warning. Fourth, error of the court in instructing the jury that the truck had the right of way over the intersection, if the truck was within 150 feet of the railroad track when the car entered or was about to enter the carriage way.

Appellee sued both the interurban railroad company and Herbert, the owner of the truck. These actions were consolidated and tried together, the jury rendering a verdict in favor of Mrs. Kerr against the joint defendants for $1,302.50, on which judgment was rendered but which, on motion of the interurban company, was amended so as to separate the amount against each defendant. Herbert paid off his part of the judgment and is not appealing.

In response to appellant's first contention that the accident was wholly the fault of the driver of the truck, it may be said that the driver of the truck was negligent and his negligence contributed largely to the accident, but it would seem from the evidence of some of the witnesses that the motorman in charge of the interurban car was also negligent. The motorman testified that as he approached the intersection he reduced the speed of his

car and looked up and down First street, observing the approach of the truck about 150 feet away, and decided he could beat the truck across, although he knew the truck had the right of way, as it approached from the right. Some of the evidence tended to prove that the interurban car was traveling about 20 or 25 miles per hour when it entered the intersection, and that the truck was only a few feet from the tracks of the interurban line at the time the interurban car came into the intersection; that the truck was traveling at a very low rate of speed, five to eight miles per hour. If the truck was moving slowly, as testified to by some of the witnesses, it could not have covered so great a distance as 150 feet in the time required for the interurban to cross First street, and the jury may have concluded from this evidence that the truck was very near the tracks of the interurban at the time the interurban car came up to the intersection and that the motorman could or should have seen the truck and acknowledged its right of way at the intersection.

Appellant's second complaint of the court's failure to give one of its offered instructions upon excessive speed is without merit, because excessive speed of the interurban was not shown nor relied upon for recovery. Indeed, the interurban seemed to have been crossing the intersection at a very reasonable rate of speed, and failure of the court to give an instruction on excessive speed would not make defendant liable unless such speed, if any, was the proximate cause of the accident, and could not have prejudicially affected the rights of appellant.

Third. The motorman in charge of the interurban car appears to have recognized the rule at intersections in the city of Louisville, giving the right of way from the right, and requiring the car or vehicle approaching from the left to yield the right of way at the intersection, for, he says, he came up to the intersection, sounded a signal and looked for the approach of vehicles on the intersection; but the motorman had no right by merely sounding a warning to assume that vehicles on the streets having the right of way would yield the same to the interurban.

Fourth. Appellant criticises part of instruction 2, which reads:

"The driver of the Herbert truck, approaching on the right of the interurban car, had the right of way through the intersection, and it was the duty of

the motorman to yield that right of way to him; unless you believe from the evidence that when the interurban car entered the intersection the motorman saw the truck approximately one hundred to one hundred and fifty feet to the northward of the intersection; in which event, the motorman had the right to assume that the driver of the truck would stop his truck, and the motorman under such circumstances had the right of way through the intersection,"

because it fixes the distance from the intersection in which the truck would have the right of way. It would have been better if the qualifications of that instruction had read:

"Unless you believe from the evidence that when the interurban car entered the intersection the motorman saw or could have seen by the exercise of ordinary care the truck approaching from the northward at a greater distance than the interurban was at that time from that point."

This instruction, however, was based upon the evidence of appellant's chief witness, the motorman, and could not have been prejudicial to it.

Some question is made by appellant company as to the sufficiency of the evidence to sustain the verdict. Mrs. Kerr testified that while she was riding as a passenger upon the interurban it collided with the truck at First street in Louisville, throwing her from her seat on the south side of the car to the north side thereof, striking her against the seat and breaking and injuring her coccyx bone and bruising her arm and back so that she thereafter suffered great pain and was required to undergo a surgical operation removing her coccyx bone, at great expense to her. She was supported in this by the testimony of a physician who examined her on the day of the accident and who attended her later, as well as by the surgeon who operated upon her, removing the coccyx bone. The evidence was sufficient upon the extent of the injury to justify the verdict. Finding no error prejudicial to the substantial rights of appellant the judgment is affirmed.

Judgment affirmed.